**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BRIAN WHITE AND JULIE WHITE, HUSBAND AND WIFE** | * * * | **CIVIL ACTION:** |
| **VERSUS** | * * | **HONORABLE** |
| **USAA CASUALTY INSURANCE COMPANY** | * * | **MAG. JUDGE** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**NOTICE OF REMOVAL**

**NOW INTO COURT** comes defendant USAA Casualty Insurance Company (hereinafter "USAA CIC"), who files this Notice of Removal pursuant to 28 U.S.C. §1332 and §1441, and hereby removes this matter from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

**I. PROCEDURAL HISTORY**

**1.**

Plaintiff filed this lawsuit in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana on June 19, 2023. The case was captioned "*Brian White and Julie White, Husband and Wife vs. USAA Casualty Insurance Company*, docket No. 733-438, Division 23. (Exhibit A).

**2.**

Plaintiff brings this lawsuit against Defendant, USAA CIC, for damages resulting from a Hurricane Ida on August 29, 2021. (Exhibit A).

File No. 0334.0322

**3.**

Defendant removes this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq*.

**II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332, THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00, AND COMPLETE DIVERSITY EXISTS**

**1.**

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States."

**2.**

The Fifth Circuit has explained that for the purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by settling forth the facts in controversy — preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

**3.**

The Petition for Damages does not state whether the amount in dispute exceeds $75,000. (Exhibit A). Plaintiffs claim that USAA CIC failed "to adequately compensate the petitioners for the covered loss under the policy were arbitrary, capricious, and without probable cause."

**4.**

Plaintiffs submitted a pre-litigation demand for $253,826.87 plus reasonable general damages, plus filing fees on June 15, 2023. (Exhibit B). Thus, according to the demand, the value of plaintiffs' claim is at least $253,826.87. (Exhibit B). USAA CIC denies that the plaintiffs are owed any additional amounts under the policy. However, the White's demand and the allegations of their Petition establish that the amount in controversy exceeds $75,000.00.

**5.**

The White's demand letter can be considered by this Court in support of USAA CIC's burden of proof to show by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00 jurisdictional amount. This Court has held that a pre-removal settlement letter from the plaintiff's attorney evaluating the claim in excess of the jurisdictional amount in controversy is "valuable evidence to indicate the amount in controversy at the time of removal." *Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995). In *Addo v. Global Life & Acc. Ins. Co*., 230 F.3d 759, 762 (5th Cir. 2000), the Fifth Circuit held that a demand letter can serve as an 'other paper from which it may be first ascertained that the case is one which is or has become removable" for the purpose of determining whether removal is timely under 28 U.S.C. §1446 (b).

**6.**

Plaintiffs' Petition does not offer a binding stipulation or renunciation in the petition that Plaintiffs will not seek to enforce any judgment that may be awarded in excess of $75,000.00. *See Davis v. State Farm Fire & Cas. Co.*, No. 06-560, 2006 U.S. Dist. LEXIS 37225 at *7 (E.D. La. June 7, 2006) (Vance, J.) (Citing to La. Code Civ. Proc. art. 862); *Treadway v. State Farm Mut.*

*Auto Ins. Co*., No. 11-2965, 2012 U.S. Dist. LEXIS 8536, 2012 WL 219369 (E.D. La. Jan. 25, 2012) (Feldman, J.) See also *Reeves v. TPI Restaurants, Inc.,* 05-1778, 2007 U.S. Dist. LEXIS 35999 at *5, 2007 WL 1308380 (W.D. La. April 13, 2007) in which Magistrate Judge Kirk found that "[p]laintiffs' attempted stipulation that their damages do not exceed $75,000 would have to have been filed with the petition in order to have been effective." (citing to *DeAguliar v. Boeing Co*. 47 F. 3d 1404 (5th Cir. 1995); *recommendation adopted* (W.D. La. May 3, 2007) (Drell, J.).

**7.**

Plaintiffs' petition also does not contain an allegation required by La. Code of Civil Procedure Article 893 A. (1) that "[i]f a specific amount of damages is necessary to establish…the lack of jurisdiction of federal courts due to insufficiency of damages… a general allegation that the claim exceeds or is less than the requisite amount is required." Federal Courts within Louisiana have held that a plaintiff's failure to follow La. C.C.P. art. 893 (A) (1)'s mandate is entitled to some consideration although in and of itself is not determinative of the amount in controversy. *Johnson v. Beale*, 18-961 2018 WL 6037526 at *2 (M.D. La. November 16, 2018) (citations omitted); *Joseph v. State Farm Mutual Automobile Co*., 11-122, 2011 WL 2899127 at *2 (E.D. La. July 18, 2011) (Fallon, J.) (citations omitted); *Courville v. State Farm Mutual Automobile Ins. Co*., 15-cv-01221, 2015 WL 4730124 at *1-2 (W.D. La. August 10, 2015) (Hanna, M.J.) (citations omitted).

**8.**

USAA CIC admits no liability, denies that it owes any further payments to the White's, and denies that it is liable for any element of damages, however: (1) given that the White allege that USAA failed to adequately compensate Plaintiffs; (2) that Plaintiffs sent a pre-suit demand

4

File No. 0334.0322

for $256,462.88; and (3) that Plaintiffs have not alleged in their Petition that their damages are below $75,000.00; these facts demonstrate that the matter in controversy exceeds $75,000. USAA CIC has met its burden of showing that the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

9.

Plaintiffs, Brian and Julie White, are citizens of and domiciled in the State of Louisiana.

10.

Defendant USAA CIC is a foreign insurer licensed to and doing business in this State.

11.

There is complete diversity of citizenship between the plaintiff and the defendants.

12.

This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

### III. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

1.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a)(2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100

($75,000.00) DOLLARS, exclusive of interest and costs, and is between a citizen of a state and citizens or subjects of a foreign state.

**2.**

The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(b). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

**3.**

No previous application has been made by defendant, USAA CIC, for the relief requested herein. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings of record served on or by defendants to date are attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Counsel Darren W. Wilson by e-mail and filed with the Clerk for the 19th Judicial District Court in the state court record. No other process, pleadings, or orders have been served upon defendants.

**IV.    CONCLUSION**

**1.**

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which defendant, USAA CIC, have complied with, this cause of action is removable to the United States District Court for the Middle District of Louisiana.

**2.**

Defendant, USAA CIC, reserves the right to supplement or amend this Notice of Removal.

**3.**

Defendant, USAA CIC, reserves all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses that are or might become available, including, but not limited to those available to defendant, USAA CIC.

**4.**

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**WHEREFORE,** Defendant, USAA Casualty Insurance Company, pray that the above numbered and entitled cause of action on the docket of the 19th Judicial District Court, State of Louisiana, be removed from said court to the docket of the United States District Court for the Middle District of Louisiana, and for all other general and equitable relief.

Respectfully submitted,

*s/ James R. Nieset, Jr.*

**JAMES R. NIESET, JR. (24856)**
**SARA ASHTON LAROSA (37765)**
PORTEOUS, HAINKEL 7 JOHNSON, L.L.P.
704 Carondelet Street
New Orleans, LA 70130-3774
Telephone: (504) 581-3838
Email: jnieset@phjlaw.com

**CERTIFICATE OF SERVICE**

**I DO HEREBY CERTIFY** that on July 21, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**Darren W. Wilson (40660)**
John T. Joubert (25121)
Matthew J. Davis (34508)
John C. Jacobs (26662)
2171 Quail Run Drive
Baton Rouge, LA 70807

File No. 0334.0322

Darren@joubertlawfirm.com
*Attorneys for Plaintiffs*

     /s/ James R. Nieset, Jr.
JAMES R. NIESET, JR.
SARA ASHTON LAROSA

I hereby further certify that a copy of the foregoing Notice of Removal has also been placed in the United States mail, with proper and sufficient postage affixed, addressed to:

**Honorable Kelly Balfour**
19th Judicial District Court
300 North Boulevard
Baton Rouge, Louisiana 70801

For filing in the state court action entitled *Brian White and Julie White, Husband and Wife vs. USAA Casualty Insurance Company*, docket No. 733-438, Division 23 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

     /s/ James R. Nieset, Jr.
JAMES R. NIESET, JR.
SARA A. LAROSA

8

File No. 0334.0322