UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRIAN WHITE AND JULIE WHITE, HUSBAND AND WIFE | * * * | CIVIL ACTION NO.: 3:23-CV-00572 |
| | * | JUDGE SHELLY D. DICK |
| versus | * * | |
| USAA CASUALTY INSURANCE COMPANY | * | MAGISTRATE JUDGE JUDGE SCOTT D. JOHNSON |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## STATUS REPORT

**A.     JURISDICTION**

What is the basis for the jurisdiction of this Court?

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of jurisdiction of citizenship between the plaintiffs and defendant. Further, the amount in controversy exceeds $75,000.00 based on the plaintiffs' demand. Accordingly, the statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

**B.     BRIEF EXPLANATION OF THE CASE**

**1.     Plaintiffs' claims:**

The plaintiffs own the home/property located at 9546 Cammy Avenue, Baton Rouge, LA 70815 (the "property"). USAA provided an insurance policy to the plaintiffs that covered the property against perils, including wind and hail. On or about 8/29/2021, Hurricane Ida made landfall in Louisiana and caused significant damage to the plaintiffs' property. The plaintiffs timely reported the loss to USAA.

The plaintiffs retained Daniel Johnson of Destination Claims, LLC, who independently inspected the property on or about December 30, 2021, and documented

$62,155.67 in damages to the dwelling and $2,266.92 in damages to other structures. The Destination Claims estimate was provided to defendant USAA and constituted satisfactory proof of loss.

On or about April 28, 2022, USAA adjuster Logan Keyser inspected the property and documented only $5,855.23 in damages to the dwelling, $69.31 in damages to other structures, and $71.47 in damages to contents. On or about May 5, 2022, after depreciating the loss and applying the plaintiffs' deductible, USAA issued a payment to plaintiffs for only $2,495.23 under dwelling, $69.31 under other structures, and $71.47 under contents, for a total payment of $2,636.01. To date, USAA has not tendered any additional proceeds to the petitioners.

The plaintiffs are entitled to statutory bad faith damages under Louisiana law. The plaintiffs made timely claims with USAA for their losses. All the reports, documentation, and photographs evidence their losses. USAA arbitrarily and without probable cause failed to timely and adequately compensate the plaintiffs.

**2.    Defendant claims:**

The loss was reported on March 30, 2022, 7 months after the storm, by plaintiffs' public adjuster. The initial inspection took place on April 28, 2022. The PA was onsite for the inspection. The PA estimate was received on May 2, 2022. Payment was issued on May 5, 2022 for $2,636.01. A reinspection was done on May 24, 2022 and the PA was again present for the inspection. USAA CIC found that the alleged additional damage was not caused by the storm, but was normal wear and tear. The relevant USAA CIC policy does not provide coverage for wear and tear. The PA estimate included damage not found by the Allcat inspector.

**C.    PENDING MOTIONS**

List any pending motions(s), the date filed, and the basis of the motions(s):

No motions are currently pending.

**D.    ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

**Plaintiffs' Issues:**

1.    Whether USAA failed to timely and adequately compensate the plaintiffs for their covered losses under the policy;

2.    Whether USAA's actions amount to bad faith under La. R.S. 22:1982 and La. R.S. 22:1973; and

3.    All issues of fact implicit in the pleadings and/or discovery herein.

**Defendant's Issues:**

- Contractual Dispute. The amount and extent of benefits, if any, owed under the USAA CIC policy of insurance. (Disputed)

- Extra-Contractual Damages: Whether USAA CIC acted in bad faith (per La. R.S. 22:1892 and 1973) in connection with its adjustment of the Plaintiffs' claim for insurance benefits. (Disputed).

**E.    DAMAGES**

**1.    Plaintiffs' calculation of damages.**

Plaintiffs are entitled to recover all contractual damages, as covered by the policy and as indicated by Destination Claims, including at least $62,155.67 for covered damages to dwelling and $2,266.92 for covered damages to other structures. The plaintiffs are also entitled to recover statutory bad faith penalties, attorney fees, and costs delineated in

Louisiana's bad faith statutes, La. R.S. 22:1982 and La. R.S. 22:1973. The plaintiffs are also entitled to mental anguish and general damages and all costs of these proceedings.

**2.      Defendant's calculation of offset and/or Plaintiffs' damages**:

USAA CIC is not seeking damages. USAA CIC disputes that any additional damages are owed to plaintiffs.

**F.    SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:

There are no issues regarding waiver or service of process, personal jurisdiction, or venue.

**G.    DISCOVERY**

**1.      Initial Disclosures:**

A.    Have the initial disclosures required under FRCP 26(a)(1) been completed?

[ ] YES    [ x ] NO

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

B.    Do any parties object to initial disclosures?

[ ] YES    [ x ] NO

For any party who answered *yes*, please explain your reasons for objecting.

2. **Briefly describe any discovery that has been completed or is in progress:**

**By Plaintiffs**: The plaintiffs propounded written discovery upon defendant on September 22, 2023. Deposition of any person involved with the parties' estimates will be considered.

**By Defendant**: USAA CIC sent plaintiffs written discovery. USAA CIC will likely take the depositions of plaintiffs and their expert(s).

3. **Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)**

None .

4. **Discovery from experts:**

Identify the subject matter(s) as to which expert testimony will be offered:

**By Plaintiffs**: The plaintiffs intend to offer factual and expert testimony from the plaintiffs' public adjuster regarding estimation of damages. The plaintiffs may offer testimony from a licensed appraiser regarding valuation; a meteorologist, and an expert witness to testify to proper claims handling practices.

**By Defendant**: Causation and scope and extent of covered damages.

H. **PROPOSED SCHEDULING ORDER**

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline: n/a.

2. Recommended deadlines to join other parties or to amend the pleadings:

**October 2, 2023**.

3. Filing all discovery motions and completing all discovery except experts:

   **May 24, 2024**

4. Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

   Plaintiff: **January 26, 2024**

   Defendant: **February 29, 2024**

5. Exchange of expert reports:

   Plaintiff: **March 29, 2024**

   Defendant: **April 26, 2024**

6. Completion of discovery from experts: **May 31, 2024**

7. Filing dispositive motions and Daubert motions: **June 28, 2024**

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters. The parties should not provide any proposed dates for these remaining deadlines.

   a. Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

   b. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

   c. Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

        d.        Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

        e.        Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

        f.        Trial date (approximately 27-29 weeks after dispositive motion deadline).

9.        If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

## I. TRIAL

1.        Has a demand for trial by jury been made?

        [ x ]  YES     [ ] NO

2.        Estimate the number of days that trial will require.

        The parties estimate it will take three days to try this matter.

## J. OTHER MATTERS

Are there any specific problems the parties wish to address at the scheduling conference?

        [ ]  YES     [X] NO

        i.        If the answer is *yes*, please explain:

        ii.        If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

        [X]  YES     [ ] NO

**K.    SETTLEMENT**

    1.    Please set forth what efforts, if any, the parties have made to settle this case to date.

        **By Plaintiffs**: Plaintiffs sent a settlement demand to USAA on June 15, 2023.

        **By Defendants**: The parties have agreed to a private mediation.

    2.    Do the parties wish to have a settlement conference:

        [X]  YES    [ ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

The parties wish to have a settlement conference and feel such a conference with the Court would be beneficial now.

**L.    CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

    All parties agree to jurisdiction by a Magistrate Judge of this court:

        [ ]  YES    [X] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**

Report dated: 9/28/2023		/s/ Darren W. Wilson
**DARREN W. WILSON, LSBA NO. 40660**
JOHN T. JOUBERT, LSBA NO. 25121
JOHN C. JACOBS, LSBA NO. 26662
MATTHEW J. DAVIS, LSBA NO. 34508
2171 Quail Run Drive
Baton Rouge, LA  70808
Telephone: 225-761-3822
Facsimile: 225-761-3823
Email Address:  darren@joubertlawfirm.com
Attorney for Plaintiff


/s/ Sara A. LaRosa
**SARA A. LAROSA, LSBA NO. 37765**
Porteous, Hainkel & Johnson, LLP
704 Carondelet Street
New Orleans, LA 70130-3774
Telephone: 504-581-3838
Facsimile: 504-412-6327
Email: slarosa@phjlaw.com
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2023, I electronically filed the Status Report with the Clerk of Court via the CM/ECF system, which will send a notice to all counsel of record, and also emailed a copy to Sara A. LaRosa, counsel for the defendant.


/s/ Darren W. Wilson
DARREN W. WILSON